UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACOB SANTIAGO, et al.,

                        Plaintiffs,

        -v-                                                    CIVIL ACTION NO. 24 Civ. 6254 (SLC)

                                                               **ORDER**

CITY OF NEW YORK,

                        Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

        The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have

consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73.  (Dkt. No. 21).  Plaintiffs

have submitted a letter on behalf of all parties in support of settlement (Dkt. No. 48); a

proposed settlement agreement (Dkt. No. 48-1 (the "Agreement")); a proposed Order

(Dkt. No. 48-2); and declarations of Plaintiffs' counsel attaching, inter alia, breakdowns of fees

and costs incurred (Dkt. Nos. 48-3; 48-4) for approval under Cheeks v. Freeport Pancake House,

Inc., 796 F.3d 199 (2d Cir. 2015).

        Where a proposed settlement of FLSA claims includes fees and costs, "district courts

will . . . evaluate the reasonableness of the fees and costs."  Fisher v. SD Prot. Inc., 948 F.3d 593,

600 (2d Cir. 2020) (citing Cheeks, 796 F.3d at 206).  "Recoverable costs are 'those reasonable out-

of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'"  Burns v. Scott,

No. 20 Civ. 10518 (JGK) (SLC), 635 F. Supp. 3d 258, 285 (S.D.N.Y. 2022) (quoting LeBlanc-Sternberg

v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998)).  "The fee applicant must submit adequate

documentation supporting the requested attorneys' fees and costs."  Fisher, 948 F.3d at 600

(citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983));

see Rodriguez v. Clearbrook Mgmt. Inc., No. 22 Civ. 4422 (JLR) (SLC), 2022 WL 17325813, at *1

(S.D.N.Y. Nov. 28, 2022) (directing the parties to provide documentary evidence of fees and costs

to assess reasonableness of settlement agreement).

Although Plaintiffs provide authority to support that a lodestar crosscheck is unnecessary

here in light of the fee agreements between each of the Plaintiffs and their counsel

(Dkt. No. 48 at 13), the Settlement Agreement also contemplates that "Plaintiffs' Counsel will

deduct their litigation expenses . . . prior to distributing to all Plaintiffs their liquidated damages

share of the Lump Sum Amount," (Dkt. No. 48-1 § II.2.1(B); see also id. at §§ II.2.4, II.2.5).

Plaintiffs' have not submitted for the Court's review documentation supporting their request for

such litigation expenses, such as receipts or invoices, without which the Court cannot complete

its review of the proposed settlement. See Suriel v. Cruz, No. 20 Civ. 8442 (VSB) (SLC), 2022 WL

1750232, at *18 (S.D.N.Y. Jan. 10, 2022) (recommending denial of postage costs where party

failed to submit documentation substantiating the amounts reflected in attorney billing records),

adopted by, 2022 WL 1751163 (S.D.N.Y. May 31, 2022); Inga v. Nesama Food Corp., No. 20 Civ.

0909 (ALC) (SLC), 2021 WL 3624666, at *15 (S.D.N.Y. July 30, 2021) (recommending denial of

process fee, photocopying, and mailing costs that lacked documentary support), adopted by,

2021 WL 3617191 (S.D.N.Y. Aug. 16, 2021).

Accordingly, by **September 19, 2025**, Plaintiffs' counsel shall submit appropriate costs

documentation corresponding with the requested amount of costs in the proposed settlement.

Dated:       New York, New York
             September 12, 2025

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**