UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACOB SANTIAGO, et al.,

                       Plaintiffs,

-v-                                         CIVIL ACTION NO. 24 Civ. 6254 (SLC)

                                                        **ORDER APPROVING SETTLEMENT**

CITY OF NEW YORK,

                       Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for all purposes, including reviewing their proposed settlement (Dkt. No. 21), and have now submitted a joint Letter-Motion in support of settlement (Dkt. No. 48 (the "Motion")) and proposed settlement agreement (Dkt. No. 48-1 (the "Agreement")) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). The plaintiffs are eleven individuals (the "Plaintiffs") currently or formerly employed by Defendant City of New York (the "City"), Department of Homeless Services, as Motor Vehicle Operators and Laborers who allege that the City failed to compensate them for pre- and post-shift work, overtime work during meal periods, and overtime, and failed to properly calculate the regular rate of pay on which Plaintiffs' overtime rate is based and timely pay overtime. (See generally Dkt. No. 1). The parties exchanged payroll and timekeeping data in connection with settlement negotiations and were able to reach an agreement in principle on their own in advance of a settlement conference scheduled to occur before the Honorable Valerie Figueredo. (Dkt. Nos. 42; 45; 48 at 2).

The Agreement provides that the City will pay a total of $185,891.00 (the "Settlement Amount"), to be paid as follows: (1) $59,119.00 in backpay by checks or direct deposit to each Plaintiff in a proportionate share; (2) $126,772.00 consisting of (a) $57,954.33 in liquidated damages to be paid to each Plaintiff in a proportionate share; (b) $2,000.00 in service awards to the two Plaintiffs who participated in the settlement negotiations, in the amount of $1,000.00 each; (c) $7,281.00 in out-of-pocket expenses to Plaintiffs' counsel; and (d) $59,536.67 in attorneys' fees to Plaintiffs' counsel, representing one-third of the Settlement Amount, net of expenses. (Dkt. Nos. 48 at 2–3; 48-1 ¶¶ 2.1, 2.4; 48-1 at 15). The Settlement Amount is based on Plaintiffs' expert's calculations, which the City's expert also reviewed and analyzed. (Dkt. No. 48-3 ¶¶ 8–9). The Settlement Amount equates to over 70% of Plaintiffs' total claimed damages for a three-year period. (Dkt. No. 48-3 ¶ 9). As consideration for the Settlement Amount, Plaintiffs have agreed to release the City from all wage and hour claims through July 31, 2025. (Dkt. Nos. 48 at 3; 48-1 ¶ 3.1). All Plaintiffs have been notified of the Agreement, including the amount that they will each receive and how it was calculated, and no Plaintiff disputed that amount or objected to the Agreement. (Dkt. No. 48-3 ¶¶ 5–6).

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (quoting Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).[1] Having carefully reviewed the Motion, the Agreement,

---

[1] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

and accompanying exhibits, the Court finds that all the terms of the Agreement, including the allocation of attorneys' fees and costs and the service awards to two of the Plaintiffs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

With respect to the service awards—$1,000.00 to each of the two Plaintiffs who participated in the settlement negotiations—we note that courts in this District routinely approve service awards in FLSA collective actions "to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff." Diaz v. Scores Holding Co., Inc., No. 07 Civ. 8718 (THK), 2011 WL 6399468, at *3 (S.D.N.Y. July 11, 2011). Here, the service awards amount to just over 1% of the Settlement Amount, and all Plaintiffs have been notified of this amount, with no objections. (Dkt. No. 48-3 ¶ 12).

With respect to the allocation of attorneys' fees, the Court has reviewed the engagement letter that each Plaintiff signed with counsel, (Dkt. No. 48-3 ¶ 14 & Ex. A), and determined that there is no indication of any overreaching or deceptive conduct and that the contingency arrangement with Plaintiffs was "fair to [P]laintiff[s] and reasonable at the time it was made." Puerto v. Happy Life Home Health Agency Inc., No. 23 Civ. 4915 (GWG), 704 F. Supp. 3d 403, 407 (S.D.N.Y. 2023). Under these circumstances, it is not necessary to compare the one-third contingency fee Plaintiffs' counsel will receive under the Agreement (net of costs) with the actual hours expended—i.e., a lodestar cross-check—to determine the reasonableness of the fee. See Almanzar v. Silver Star Properties Corp., No. 23 Civ. 819 (GWG), 699 F. Supp. 3d 253, 256 (S.D.N.Y. 2023). Here, Plaintiffs and their counsel agreed in advance that counsel would be entitled to

one-third of any settlement amount as attorneys' fees, and, in doing so, counsel bore "the risk of having to litigate [a] case[] in which the recovery may not adequately compensate them for the time expended."  Id.; see Guillermo v. Starting C & M Corp., No. 23 Civ. 5022 (AS), 2024 WL 1859733, at *2 (S.D.N.Y. Apr. 29, 2024) (finding it unnecessary to conduct lodestar cross-check where one-third contingency fee, net of costs, pursuant to engagement letter was reasonable).  In addition, in response to the Court's request, Plaintiffs have provided documentation supporting the out-of-pocket costs their counsel incurred, (Dkt. No. 50), and the Court finds each type of cost and the amount expended to be reasonable.  See Fisher v. SD Prot. Inc., 948 F.3d 593, 600–02 (2d Cir. 2020).  Accordingly, the Court approves the Agreement.

This action is dismissed with prejudice and without costs except as may be stated in the Agreement.  The Court retains jurisdiction to enforce the Agreement.  Any pending motions, including Dkt. No. 41, are moot.  The Clerk of Court is respectfully requested to close Dkt. No. 48, mark it as "granted," and close this case.

Dated:      New York, New York
            September 17, 2025           SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**